# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br>CDCR #K-72151,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>R. TAIT, et al.,<br><br>　　　　　　　　　Defendants. | Civil No.　08-1031 MLH (JMA)<br><br>**ORDER:**<br><br>**(1)　DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT [Doc. No. 9]; and**<br><br>**(2)　SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On July 18, 2008, Plaintiff, an inmate currently incarcerated at California State Prison, Sacramento located in Represa, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C.

1 § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].  The Court granted Plaintiff's Motion to Proceed *IFP* on August 1, 2008 [Doc. No. 6].  Plaintiff filed an additional Motion to Proceed IFP on November 24, 2008 [Doc. No. 9].  On November 25, 2008, this matter was reassigned to District Judge Marilyn L. Huff for all further proceedings [Doc. No. 10].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

/ / /

/ / /

1      "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

     Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.    Eighth Amendment Excessive Force Allegations

     When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To determine whether a prisoner has sufficiently met this standard, the Court examines the following five factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

     In his Complaint, Plaintiff alleges that Defendant Tait came to his cell on November 8, 2007 to escort him to the law library. (*See* Compl. at 8.) Plaintiff alleges that the handcuffs were so tight they left a "deep skin indentation" on Plaintiff's wrists for approximately three and a half hours. (*Id.*)

1    The use of excessive force by a prison official constitutes a violation of the Eighth Amendment. *See Hudson*, 503 U.S. at 6-7; *Spain v. Procunier*, 600 F.2d 189, 194 (9th Cir. 1979). Nevertheless, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Meredith v. Arizona*, 523 F.2d 481, 483 (9th Cir. 1975); *see also Hudson*, 503 U.S. at 7 (noting the "absence of serious injury is ... relevant to the Eighth Amendment inquiry"). Conclusory allegations unsupported by facts are insufficient to state a claim under section 1983. *Jones*, 733 F.2d at 649. Here, Plaintiff description of his injury simply does not rise to the level of a constitutional violation. *Martinez v. Stanford*, 323 F.3d 1178, 1184 n.2 (9th Cir. 2003) (the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force.") (citation omitted)

Accordingly, to the extent Plaintiff seeks § 1983 relief based on claims that Defendants imposed cruel and unusual punishment upon him in violation of the Eighth Amendment, his allegations, as currently pleaded, simply fail to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**B.    Conspiracy claims**

Plaintiff contends that Defendant Davis, a nurse who was summoned by correctional officers to document Plaintiff's injury claims following the handcuffing incident, "unwittingly allowed herself to be goaded into participating in a criminal conspiracy" when she "wrote a false report" indicating that there were no visible signs of an injury. (*See* Compl. at 9-10.)

In order to allege a claim of conspiracy under § 1983, Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). Thus, pleading a conspiracy requires more than a conclusory allegation that Defendants conspired to deprive Plaintiff of his civil rights. The Ninth Circuit applies a heightened pleading standard to conspiracy claims under Section 1983 and has held that mere conclusory allegations of conspiracy (i.e. bare allegations

that a defendant "conspired" with another) are insufficient to state a claim.[1]  *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."  *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001) (holding that plaintiffs must allege facts which are "specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity."); *Buckey*, 968 F.2d at 794.

As currently pleaded, Plaintiff's conspiracy claims amount to no more than "vague and conclusory allegations of official participation in civil rights violations," therefore, they fail to state a claim.  *See Ivey v. Board of Regents*,  673 F.2d 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985).

Accordingly, the Court finds that Plaintiff's claims of conspiracy fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### C.   Eighth Amendment Claims

Finally, Plaintiff claims that he has been denied adequate medical attention with respect to his "infected toe." (Compl. at 13.)  While Plaintiff was given Epsom salts to soak his foot pursuant to medical orders, he claims that he was only given a "small white cup" to soak his infected toe. (*Id.* at 16.)  Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

---

[1] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard since they require the plaintiff to show that the defendant agreed to join the conspiracy.  *See Harris*, 126 F.3d at 1195; *Margolis*, 140 F.3d at 853; *Mendocino Envt'l Ctr. v. Mendocino County*, 14 F.3d 457, 459 (9th Cir. 1994) (applying identical standard to conspiracy claim in *Bivens* action).  Although the Ninth Circuit eliminated the application of a heightened pleading standard to all cases where an improper motive is an element, it did not modify the requirement in regard to allegations of conspiracy.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

1  Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature
2  of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.
3  1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.
4  1997). A medical need is serious "if the failure to treat the prisoner's condition could result in
5  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974
6  F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include
7  "the presence of a medical condition that significantly affects an individual's daily activities."
8  *Id*. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the
9  objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511
10 U.S. 825, 834 (1994).

11         Even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical
12 need, he must also allege that each Defendant's response to his need was deliberately indifferent.
13 *Farmer*, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials
14 deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may
15 be shown by the way in which prison medical officials provide necessary care. *Hutchinson v.*
16 *United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil
17 rights have been abridged with regard to medical care, however, "the indifference to his medical
18 needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not
19 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
20 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th
21 Cir. 2004).

22         Here, Plaintiff claims that he has been denied the proper ability to soak his toe. (*See*
23 Compl. at 13-15.) It is simply not clear that Plaintiff suffers from a serious medical condition.
24 Moreover, there are no facts from which the Court can determine whether he has suffered any
25 injury as a result of the Defendants actions. *See Shapley v. Nevada Bd. of State Prison Comm'rs*,
26 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical
27 indifference unless the denial was harmful.") Thus, the Court dismisses Plaintiff's Eighth
28 Amendment inadequate medical care claims for failing to state a claim upon which relief can be

granted.

Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.  However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's duplicate Motion to Proceed *In Forma Pauperis* [Doc. No. 9] is **DENIED** as moot; and

(2)   Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: December 29, 2008

_____
**HON. MARILYN L. HUFF**
**United States District Judge**