UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHARLES AUSTIN PARKS, CDCR #K-72151,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>R. TAIT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 08-CV-1031-H (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND DENYING REQUEST FOR SANCTIONS [Doc. 31]** |

This matter comes before the Court on a Motion to Compel Responses to Demands for Production and Request for Sanctions filed by Plaintiff Charles Austin Parks [Doc. 31]. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I. <u>**CASE BACKGROUND**</u>

Plaintiff, a pro se, is an inmate currently incarcerated at California State Prison, Sacramento. The named defendants include Correctional Officer R. Tait, Correctional Officer R. Huff, Correctional Officer A. Rendon, Licensed Vocational Nurse T. Davis, Licensed Vocational Nurse M. Flores, Licensed Vocational Nurse A. Berry, and Licensed Vocational Nurse S. Moreno. All defendants were employed at California

State Prison, Corcoran ("Corcoran") at the time the events giving rise to Plaintiff's claims allegedly occurred. Plaintiff asserts the following claims in his First Amended Complaint ("FAC"):

(1) Eighth Amendment excessive force claim against Defendant Tait: Plaintiff alleges that on November 8, 2007, Defendants Tait and Rendon came to his cell to escort him to the law library. Tait allegedly placed Plaintiff's handcuffs on too tight and, when Plaintiff complained, made them even tighter. When Plaintiff complained again, Tait allegedly pulled Plaintiff to the side and threatened to make the handcuffs even tighter. Plaintiff states that Tait then yanked the chain in between the handcuffs, causing excruciating pain. Plaintiff subsequently brought the matter to the attention of a sergeant. FAC at 4-6, ¶¶ 14-23.

(2) Eighth Amendment failure to protect claim against Defendant Rendon: Plaintiff alleges that Rendon failed to protect him during the above incident, and instead laughed and told Plaintiff to "shut the fuck up." Id. at 7, ¶¶ 24-25.

(3) Retaliation in violation of the First and Eighth Amendments against Defendants Tait and Huff: Plaintiff alleges that on November 8, 2007, Tait and Huff conducted a search of his cell as a punitive measure to retaliate against him for speaking out about the above incidents. Id. at 7-9, ¶¶ 26-30.

(4) Deliberate indifference to medical needs against Defendants Tait and Rendon: Plaintiff alleges that the tight handcuffs caused bruises to his wrist bone. Id. at 9, ¶ 31.

(5) Deliberate indifference to medical needs against Defendants Davis and Flores: Plaintiff alleges that Davis and Flores covered up Tait's deliberate indifference to his serious medical needs. Plaintiff further asserts that Davis falsified a state document by stating that she did not view any injuries to Plaintiff's wrist. Id. at 9-10, ¶¶ 32-33.

(6) Deliberate indifference to medical needs against Defendants Huff and Tait: Plaintiff alleges that on November 8, 2007, Huff and Tait interfered with his medical

treatment by confiscating his medical supplies, including his asthma inhaler, when they conducted a search of his cell. Plaintiff further alleges that Tait denied him the opportunity to soak his infected toe. Id. at 10-12, ¶¶ 34-40.

(7) Deliberate indifference to medical needs against Defendants Berry and Moreno:[1] On October 12, 2007, Dr. Wilson, a non-party, ordered Plaintiff to soak his foot, due to an infected toe following minor surgery, in warm water and Epsom salt for 15-20 minutes per day. On October 13, 2007, Berry allegedly refused to allow Plaintiff to soak his toe and did not provide him with a clean bandage. Plaintiff asserts that Berry suggested that he soak his toe in an unsanitary toilet. On October 14, 2007, Moreno refused to allow Plaintiff to soak his toe and instead offered him a small white cup to soak his toe in as a joke. Id. at 12-14, ¶¶ 41-46.

Plaintiff served three sets of document requests on August 3, 5, and 12, 2009 containing a total of sixty-five (65) requests.[2] Defendants served responses on September 2, 3, and 11, 2009, respectively. The parties met and conferred by telephone during the Case Management Conference held on September 10, 2009. Plaintiff then sent meet and confer correspondence to Defendants' counsel on or around September 13, 2009, to which counsel for Defendants responded on or around October 6, 2009. Plaintiff now moves to compel further responses to his document requests on the basis that Defendants' responses were "evasive, vague, incomplete . . . as well as repetitive." Pl.'s Affidavit in Supp. of Mot. at 4, ¶ 4. Defendants have filed an opposition, to which Plaintiff has filed a reply.

## II.   LEGAL STANDARDS

Under the Federal Rules, "Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense*." Fed. R. Civ. P.

---

[1] Defendant Moreno has not yet been served with the FAC and has not appeared in this action. Thus, the term "Defendants", as used herein, refers to all defendants except Defendant Moreno.

[2] The first and second sets contained twenty-five (25) requests each; the third set contained fifteen (15) requests.

26(b)(1) (emphasis added).  The intention of Rule 26(b)(1) is to focus the parties and the court on the actual claims and defenses involved in the action.  Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  A district court has the authority to define the actual scope of discovery to the reasonable needs of the action.  Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment.

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants."  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotations omitted).  The rule of liberal construction is "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  This principle also applies to discovery propounded by pro se litigants.  See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (courts should treat pro se litigants with "great leniency" when evaluating compliance with the technical rules of civil procedure).

### III. DISCUSSION

**A.  Defendants' Nunc Pro Tunc Request for Extension of Time and Request that Plaintiff's Motion Be Stricken**

Defendants, relying on Fed. R. Civ. P. 4(c)(2), contend that the proof of service accompanying Plaintiff's motion was defective as Plaintiff himself effected service.  Rule 4(c)(2), however, provides only that a party may not serve a *summons and complaint*.  See Fed. R. Civ. P. 4(c)(2).  It does not bar a party from serving his own discovery motion.  Accordingly, Defendants' request that Plaintiff's motion be stricken pursuant to Rule 4(c)(2) is **DENIED**.[3]

Defendants' nunc pro tunc request for an extension of time to oppose Plaintiff's motion is **GRANTED**.  According to the Court's calculations, Defendants had until

---

[3] Additionally, the Court notes that Rule 5, which pertains to serving and filing pleadings and other papers, does not prohibit a party from serving his own motion papers.  See Fed. R. Civ. P. 5.

October 22, 2009, or twenty-one (21) days from October 1, 2009, to file an opposition. See L.R. 78-230(m) (requiring oppositions to motions in prisoner cases to be filed and served not more than eighteen (18) days, plus three (3) days for mailing, after the date of service of the motion). Defendants' opposition was served and filed on October 23, 2009, just one day after the deadline. Given possible delays in mailing from the prison (the Court notes, for example, that Plaintiff's motion was not filed with the Court until October 9, 2009, eight (8) days after the proof of service was executed), the Court finds Defendants' request for a one day extension of time to be reasonable. Along the same lines, the Court has taken into account the arguments set forth in Plaintiff's reply, which was apparently served on November 5, 2009 but not filed until November 13, 2009, in its consideration of the instant motion, despite the fact that it is questionable whether it was timely filed. See id. (requiring reply papers in prisoner cases to be filed and served not more than five (5) days, plus three days (3) for mailing, after service of the opposition).

**B.    Plaintiff's Motion to Compel**

Neither Plaintiff nor Defendants have identified which of the 65 document requests are at issue in this motion. Instead, Plaintiff seeks to compel the production of various categories of documents. Defendants have made their arguments in opposition to the motion by responding to the categories of documents addressed by Plaintiff. Given the large number of requests propounded, and because, in the Court's view, many of the requests are vague, unintelligible, cumulative, and/or duplicative, it would be no easy task to determine which particular document requests are at issue. Therefore, the Court will follow the approach used by the parties and will rule upon the categories of documents at issue instead of particular document requests.

**1.    "Evidence that will bring to light that these defendants' superiors and Corcoran State Prison administration as well as CDCR/Department of Corrections should have been well aware of Defendants' nature based on similar acts of misconduct."**

The first category of documents sought by Plaintiff consists of documents relating

1 to the knowledge of Defendants' superiors, the Corcoran State Prison administration,
2 and the California Department of Corrections and Rehabilitation ("CDCR") of "similar
3 acts of misconduct" by Defendants.  See Pl.'s Affidavit at 12:2-5.  Although, as
4 discussed below, documents concerning "similar acts of misconduct" may be
5 discoverable (see *infra* Section B.5), Plaintiff has not established that documents
6 concerning the knowledge of Defendants' superiors, the Corcoran State Prison
7 administration, or the CDCR of any such similar acts of misconduct are relevant to the
8 claims he has asserted in this case.  Plaintiff has not alleged any claims of supervisory
9 liability against Defendants' superiors, and he cannot assert any claims against the
10 prison or the CDCR as they are not "persons" subject to suit within the meaning of
11 section 1983.  See 42 U.S.C. § 1983; see also Taylor v. List, 880 F.2d 1040, 1045 (9th
12 Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal
13 participation by the defendant.").  Plaintiff is entitled only to discovery relevant to the
14 claims asserted in the pleadings, not to claims which have not been, or cannot be,
15 asserted.  See Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment ("[T]he
16 court . . . has the authority to confine discovery to the claims and defenses asserted in
17 the pleadings" and "the parties . . . have no entitlement to discovery to develop new
18 claims . . . that are not already identified in the pleadings.")  Therefore, Plaintiff's motion
19 to compel production of these documents is **DENIED**.

   **2.    "All the information that is available to the Warden Derral G. Adams, and his subordinates, Defendants R. Tait, R. Huff, A. Rendon, T. Davis, A. Berry, M. Flores, S. Moreno.  This includes all policies, statements, prison rules, and manuals on the use of force and excessive use of force, and the policies and procedures on administering medical treatment, and Corcoran State Prison policies on staff retaliation towards prisoners."**

24     The second category of documents sought by Plaintiff consists generally of
25 prison policies, rules, and manuals on the use of force, use of excessive force,
26 administration of medical treatment, and staff retaliation on prisoners.  Pl.'s Affidavit at
27 12:27-13:6; see also id. at 5:12-16 (seeking to compel production of documents
28 regarding "when and how should force be applied to prisoners housed in Corcoran

1  State Prison Security Housing Units, each of the rules and regulations outside of the
2  general rules set forth in the California Code of Regulation Title 15 manual"); id. at
3  20:26-27 (seeking "policies used in daily operation of the prison").  Defendants argue in
4  response that most prison policy is available to the public, as published in Title 15 of the
5  California Code of Regulations and the Department Operations Manual ("DOM"), and
6  thus is equally available to all parties.  Defendants acknowledge that other prison
7  policies exist, but state that such information "cannot be made available to inmates
8  because of security concerns."  Defs.' Opp'n at 5.  Defendants further acknowledge the
9  existence of an Operational Procedure regarding the use of force during cell extractions,
10 but contend that it should not be produced because it is "strictly classified" and because
11 this case does not involve a cell extraction.  Id.

12      As Plaintiff does not dispute Defendants' assertion that this case does not involve
13 a cell extraction, the Court finds that the Operational Procedure regarding the use of
14 force during cell extractions is not relevant and need not be produced.  The Court
15 further finds that the prison policy set forth in Title 15 of the California Code of
16 Regulations and the DOM are equally available to all parties, and thus need not be
17 produced.  It is unclear to the Court what other policies, rules, and manuals may exist
18 concerning the use of force, use of excessive force, administration of medical treatment,
19 and staff retaliation on prisoners, and thus the Court cannot evaluate whether any other
20 such policies, rules, and manuals constitute sensitive information which should not be
21 made available to Plaintiff due to security concerns.  Even so, because Plaintiff does not
22 make any allegations concerning the prison's policies, procedures, or practices in the
23 FAC, such materials are not relevant to Plaintiff's claims.  Again, Plaintiff may not use
24 discovery to develop new claims that are not already identified in the pleadings.  Fed. R.
25 Civ. P. 26 Advisory Committee Notes, 2000 Amendment.  Therefore, Plaintiff's motion
26 to compel production of these documents is **DENIED**.
27 //
28 //

**3.   "[Plaintiff's] own files from this agency and the Defendants in the form of Plaintiff's 114-D log . . . from November 8, 2007 until December 31, 2007."**

Plaintiff moves to compel the production of his 114-D log. Pl.'s Affidavit at 13:9-12. Defendants state that they will produce the log for the dates specified by Plaintiff, i.e., from November 8, 2007 through December 31, 2007. Defs.' Opp'n at 5. If they have not already done so, Defendants shall produce the log to Plaintiff by no later than January 4, 2010.

**4.   "Security Housing Unit file, unit log entries of where Plaintiff was housed from November 8, 2007 until December 31, 2007."**

Next, Plaintiff moves to compel the production of the log maintained by the Security Housing Unit from November 8, 2007 through December 31, 2007. Pl.'s Affidavit at 13:11-12. Defendants have requested the log from the CDCR, and intend to produce it to Plaintiff so long as the production is not objectionable. Defs.' Opp'n at 5. Defendants shall either produce the log or shall serve an amended discovery response setting forth any objection to producing the document by no later than January 4, 2010.

**5.   "Discovery to check out [Defendants'] backgrounds and work history, including prior suits or reprimands for misbehavior."**

Plaintiff contends that he is entitled to discovery concerning Defendants' backgrounds, work histories, prior suits, and reprimands for misbehavior. Pl.'s Affidavit at 15:11-14. In particular, he contends that because his suit "is based on excessive use of force and/or misconduct by particular prison employees," he has the "right to check out [each] defendant's background and work history." Pl.'s Reply at 6:28-7:6. Defendants object to this discovery on the basis that it is not relevant to Plaintiff's claims. Defs.' Opp'n at 6. Defendants also observe that the release of the requested information to Plaintiff would "threaten the safety of the officers and the security of the institution." Id.

Plaintiff's request, as phrased, is overly broad. However, in narrowing Plaintiff's request, the Court finds that documents concerning similar acts of misconduct involving

Defendants are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence, and thus should be produced. See, e.g., Fed. R. Evid. 404(b); Gibson v. Beer, 2008 WL 4057543, at *2 (E.D. Cal. 2008) (requiring production of factually similar complaints against defendants); Drake v. White, 2009 WL 799128, at *2 (E.D. Cal. 2009) (ordering production of all complaints alleging excessive force against defendants). Plaintiff's request must further be narrowed to a specific period of time. In Gibson, the court permitted discovery of complaints of similar acts of misconduct over less than a two year period. See Gibson, 2008 WL 4057543, at *2. Here, the Court finds a two year period of time to be appropriate.

Although Defendants argue that the release of the requested documents would pose a safety threat to Defendants and to the prison, they do not cite any authority nor provide any evidence to support this assertion. In any event, the Court finds that permitting Defendants to redact any personal information from the documents to be produced should address any potential security concerns.

Accordingly, Plaintiff's motion to compel production of these documents is **GRANTED IN PART** as follows: Defendants shall produce all documents concerning complaints or discipline against Defendants relating to similar acts of misconduct between the period from November 8, 2006 to November 8, 2008 (one year prior to and after the date the events giving rise to Plaintiff's claims allegedly occurred). As to Defendant Tait, such "similar acts of misconduct" would include any allegations of excessive force, retaliation, and deliberate indifference to medical needs. As to Defendant Rendon, documents reflecting allegations of excessive force, failure to protect, and deliberate indifference to medical needs shall be produced. As to Defendant Huff, documents relating to allegations of retaliation and deliberate indifference to medical needs shall be produced. As to Defendants Davis, Flores, and Berry, only documents reflecting allegations of deliberate indifference to medical needs need be produced. Defendants may redact from the documents any portions which reflect their personal information. All documents ordered to be produced shall be

served upon Plaintiff by no later than <u>January 4, 2010</u>.

### 6. "Deliberative and advisory materials in the form of internal memos on the subject of disciplinary measures taken and results, past and present misconduct, actions which resulted in corrective measures."

The next category of documents sought by Plaintiff consists of "internal memos" regarding "disciplinary measures taken" in relation to "misconduct," including information concerning the "results" thereof. Pl.'s Affidavit at 5:9-12. Plaintiff's reply clarifies that he seeks information concerning misconduct that is "related to [the] application of force." Pl.'s Reply at 6:19-22.

It is unclear to the Court whether Plaintiff seeks this information as it relates to Defendants only, or whether he seeks information of a more general nature. To the extent Plaintiff seeks information concerning Defendants only, the request is subsumed within the discussion above, and no further production is required. To the extent the request seeks information of a more general nature, the request is overly broad. Plaintiff's motion to compel production of these documents is thus **DENIED**.

### 7. Investigative Reports

Finally, Plaintiff seeks the following investigative reports: (1) Investigative report by Sergeant Marsh dated January 8, 2008, (2) Appeal No. CSPC-5-07-05327 by Sergeant Marsh dated December 12, 2007, (3) Appeal No. CSPC-07-5773 by Sergeant Marsh dated January 5, 2008, and (4) Appeal No. CSPC-07-5000 by W. Doering, SRN II dated December 12, 2007. Pl.'s Reply at 8:1-6. Defendants have agreed to produce a redacted copy of the investigative report by Sergeant Marsh regarding the subject incident. Defs.' Opp'n at 7. The other reports were referenced only in Plaintiff's reply, not his moving papers, and thus Defendants did not have the opportunity to set forth their position regarding the remaining three reports in their opposition.

It is unclear whether these reports pertain to Plaintiff and to the events in question in this lawsuit. If they do, it is likely they should be produced, possibly with redactions. If they do not relate to Plaintiff, they are not relevant to Plaintiff's claims and need not be produced. Defendants shall either make a further production relating to the

above or, if they contend that no further response is warranted, shall serve an amended discovery response setting forth their position, by no later than January 4, 2010.  If Plaintiff is unsatisfied with Defendants' response, he will need to promptly file a new motion to compel as to those documents.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel responses to demands for production is **GRANTED IN PART** and **DENIED IN PART** as follows:

Category 1: **DENIED**.

Category 2: **DENIED**.

Category 3: **GRANTED**.  Defendants shall produce the log to Plaintiff by no later than January 4, 2010.

Category 4: Defendants shall either produce the log or shall serve an amended discovery response setting forth any objection to producing the document by no later than January 4, 2010.

Category 5: **GRANTED IN PART**.  All documents ordered to be produced shall be served upon Plaintiff by no later than January 4, 2010.

Category 6: **DENIED**.

Category 7: Defendants shall either make a further production relating to the above or, if they contend that no further response is warranted, shall serve an amended discovery response setting forth their position, by no later than January 4, 2010.

//
//
//
//
//
//
//

Plaintiff's request for sanctions is **DENIED.** To the extent that Plaintiff's motion seeks to compel responses from Defendant Moreno, the motion is **DENIED** as Moreno has not appeared in this action.

**IT IS SO ORDERED.**

DATED: December 4, 2009

_____
Jan M. Adler
U.S. Magistrate Judge