UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br>CDCR #K-72151,<br><br>                   Plaintiff,<br><br>v.<br><br>R. TAIT, et al.,<br><br>                   Defendants. | Case No. 08-CV-1031-H (JMA)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO DIRECT UNITED STATES MARSHAL TO SERVE DEFENDANT MORENO [Doc. 43], (2) DENYING PLAINTIFF'S MOTION TO STRIKE PORTION OF DEPOSITION [Doc. 43], AND (3) GRANTING PLAINTIFF'S APPLICATION FOR AN EXTENSION OF TIME TO DISCLOSE CONTRADICTORY OR REBUTTAL EXPERT INFORMATION [Doc. 44]** |

On December 14, 2009, Plaintiff filed two documents setting forth three separate requests of the Court. The Court shall discuss each of Plaintiff's requests in turn.

**A.    Motion to Direct United States Marshal to Serve Defendant Moreno**

On August 27, 2009, the Court granted Plaintiff's motion to direct the United States Marshal to re-attempt service on Defendant LVN Moreno (hereinafter "Defendant Moreno"). The Court ordered the Deputy Attorney General assigned to the case, who at that time was Samantha Ramsey, Esq., to obtain Defendant Moreno's last known address from the California Department of Corrections and Rehabilitation ("CDCR") and provide the information to the U.S. Marshal in a confidential memorandum. See Doc.

27. Ms. Ramsey complied with the Court's order.  <u>See</u> Doc. 29.  On November 12, 2009, a Process Receipt and Return form filed with the Court indicated that Moreno was no longer employed at California State Prison, Corcoran, and had no forwarding address.  <u>See</u> Doc. 36.  Plaintiff now again asks the Court to direct the U.S. Marshal to serve Defendant Moreno.

Plaintiff's motion is **DENIED**.  The U.S. Marshal has already attempted service upon Defendant Moreno at her last known address, provided by the Deputy Attorney General via information received from the CDCR, without success.  Any further attempt by the U.S. Marshal to serve Defendant Moreno, without a valid address, would be futile.  Although Plaintiff is entitled to rely on service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after it has been provided with the necessary information to effectuate service.  <u>See</u>, <u>e.g.</u>, <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990).  It is generally up to the *plaintiff* to provide such information.  <u>Id.</u>

**B.     Motion to Strike Portion of Deposition**

Plaintiff states that his deposition was taken by Deputy Attorney General Ramsey on October 30, 2009.  He now seeks to strike his testimony regarding the actions of Defendant Moreno on the basis that Ms. Ramsey was not, and is not, Defendant Moreno's attorney of record.  Plaintiff's motion is **DENIED**.  Ms. Ramsey was perfectly entitled to seek testimony from Plaintiff regarding Defendant Moreno's actions so long as the information sought was relevant to the claims or defenses in the case, which, clearly, it was.  <u>See</u> Fed. R. Civ. P. 26(b)(1).  The fact that Ms. Ramsey does not, and did not, represent Defendant Moreno has no bearing on the issue.

**C.     Application for an Extension of Time to Disclose Contradictory or Rebuttal Expert Information**

On November 24, 2009, the Court issued an order granting Defendants' request for an extension of time, until May 24, 2010, to provide expert reports.  <u>See</u> Doc. 40.  Plaintiff now requests that he be provided with additional time to disclose contradictory

1  or rebuttal expert information.  Plaintiff's request is **GRANTED**.  Any contradictory or
2  rebuttal expert information shall be disclosed on or before <u>June 21, 2010</u>.
3      **IT IS SO ORDERED.**
4  DATED:  December 16, 2009

                                  Jan M. Adler
                                  U.S. Magistrate Judge