UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br>CDCR #K-72151,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>R. TAIT, et al.,<br><br>　　　　　　Defendants. | Case No. 08-CV-1031-H (JMA)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUEST FOR SANCTIONS [Doc. 52] AND PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF A NEW SET OF REDACTED DOCUMENTS [Doc. 53]; ORDER REQUIRING PRODUCTION OF DISCOVERY RESPONSES BY APRIL 2, 2010; ORDER RESCHEDULING MANDATORY SETTLEMENT CONFERENCE** |

　　　　This matter comes before the Court on a motion to compel responses to interrogatories and request for sanctions [Doc. 52] and a motion to compel production of a new set of redacted documents [Doc. 53] filed by Plaintiff Charles Austin Parks. For the reasons set forth below, Plaintiff's motions are **DENIED**.

**I.　　Motion to compel responses to interrogatories and request for sanctions**

　　　　On or about November 6, 8, 9, and 20, 2009, Plaintiff served interrogatories on Defendants Tait, Huff, Davis, and Berry, respectively. Parks Aff., ¶ 3. Defendants did not respond to the interrogatories. Id. at ¶ 6. Defendants' counsel states that

responses were not provided due to inadvertent error, but that Defendants will promptly supply the responses, without objections. Steele Decl., ¶ 3; Defs.' Opp'n at 2. Plaintiff requests that the Court issue an order compelling Defendants to respond to the interrogatories without objection and that the Court issue sanctions against Defendants.

As Defendants observe, Plaintiff failed to comply with the Court's requirement that parties meet and confer prior to bringing any discovery matter to the Court's attention.[1] Additionally, given that Defendants are willing to respond to the interrogatories without objection, Plaintiff's motion is moot. Therefore, although Plaintiff's motion to compel responses to interrogatories and request for sanctions is **DENIED**, Defendants shall serve their interrogatory responses without objection by no later than April 2, 2010.

**II.    Motion to compel production of a new set of redacted documents**

On December 7, 2009, this Court ordered Defendants to "produce all documents concerning complaints or discipline against [the defendants] relating to similar acts of misconduct between the period from November 8, 2006 to November 8, 2008" to Plaintiff. Dec. 7, 2009 Order at 9. The Court stated further, "Defendants may redact from the documents any portions which reflect their personal information." Id. Plaintiff contends that Defendants' names were redacted from the documents, making it impossible for him to use the documents to support his claims. Pl.'s Mot. at 2-3. Defendants concede that Plaintiff's contention is "partially meritorious" and that they will produce another set of redacted documents that does not redact the defendants' names. Defs.' Opp'n at 2.

---

[1] The Amended Scheduling Order issued on October 13, 2009 provides in relevant part:

> Counsel are required to promptly meet and confer during the 30-day period following the event giving rise to the discovery dispute prior to contacting the Court. The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of discovery disputes can be resolved by means of that process. Counsel shall make every effort to resolve any discovery dispute without the necessity of court intervention.

1 As with the above issue, Plaintiff failed to comply with the Court's requirement
2 that parties meet and confer prior to bringing any discovery matter to the Court's
3 attention. Additionally, given that Defendants are willing to produce a new set of
4 redacted documents, Plaintiff's motion is moot. Therefore, although Plaintiff's motion to
5 compel a new set of redacted documents is **DENIED**, Defendants shall serve a new set
6 of redacted documents by no later than April 2, 2010.

7 **III.   Mandatory Settlement Conference**

8 The Mandatory Settlement Conference scheduled for May 7, 2010 is
9 rescheduled for **May 20, 2010** at **10:00 a.m.** before Magistrate Judge Adler. The
10 conference will be held telephonically. The parties shall submit settlement statements
11 **directly** to Magistrate Judge Adler's chambers no later than **May 17, 2010**.[2] The parties
12 may either submit confidential settlement statements or may exchange their settlement
13 statements. Each party's settlement statement shall set forth the party's statement of
14 the case, identify controlling legal issues, concisely set out issues of liability and
15 damages, and shall set forth the party's settlement position, including the last offer or
16 demand made by that party, and a separate statement of the offer or demand the party
17 is prepared to make at the settlement conference. **The settlement conference briefs**
18 **shall not be filed with the Clerk of the Court.**

19 //
20 //
21 //
22 //
23 //
24 //
25 //

---

27 [2]Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619)
28 702-9939. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

Counsel for Defendants shall be responsible for making all arrangements in advance for Plaintiff to appear telephonically, and shall contact Plaintiff on the day of the conference and initiate a joint call to the undersigned's chambers at (619) 557-5585. Counsel for Defendants shall arrange to have a representative of the California Department of Corrections and Rehabilitation on telephone standby at the time of the conference.

**IT IS SO ORDERED.**

DATED: March 23, 2010

Jan M. Adler
U.S. Magistrate Judge