UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br>CDCR #K-72151,<br><br>                    Plaintiff,<br><br>v.<br><br>R. TAIT, et al.,<br><br>                    Defendants. | Case No. 08-CV-1031-H (JMA)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND DENYING REQUEST FOR SANCTIONS [Doc. 66]** |

      On June 15, 2010, Plaintiff Charles Austin Parks ("Plaintiff") filed a motion to compel responses to interrogatories from Defendants Tait, Davis, Huff and Berry ("Defendants") and a request for sanctions pursuant to Fed. R. Civ. P. 37. (Doc. 66.) On July 2, 2010, Defendants filed a response to the motion to compel and an opposition to the request for sanctions. (Doc. 68.) In the response, Defendants' counsel acknowledges that he inadvertently failed to serve Defendants' interrogatory responses by the April 2, 2010 deadline set by the Court in its March 25, 2010 Order due to a calendaring error. Steele Decl. in Supp. of Defs.' Resp., ¶¶ 8-9, 11. Upon realizing this, Defendants' counsel served the overdue responses, without objection, on June 25,

2010.  Id., ¶ 12 & Ex. A.  As the subject discovery responses have now been served, Plaintiff's motion to compel interrogatory responses is **DENIED AS MOOT**.

Under Fed. R. Civ. P. 37(a)(5), if a motion to compel discovery is granted or, as here, if the discovery sought is provided after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the conduct was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Here, however, Plaintiff is not entitled to sanctions under Rule 37.  Because he is proceeding pro se, he is not entitled to attorney's fees.  See, e.g., Johnson v. Runnels, 2010 WL 760712, at *2 (E.D. Cal. 2010) (citing Kay v. Ehrler, 499 U.S. 432, 435 (1991)); see also Fosselman v. Gibbs, 2010 WL 1446661, at *1 (N.D. Cal. 2010).  Plaintiff is also not entitled to the payment of any "reasonable expenses" as he has not demonstrated that he incurred any actual costs in bringing his motion.  See, e.g., Lee v. Walters, 172 F.R.D. 421, 436 (D. Or. 1997); Johnson, 2010 WL 760712, at *2.  Accordingly, Plaintiff's request for sanctions is **DENIED**.

**IT IS SO ORDERED.**

DATED:  July 27, 2010

_____
Jan M. Adler
U.S. Magistrate Judge